**No. 48400.**—Protest 98506–K of Dan Brechner & Co. (New York).

Opinion by OLIVER, P. J. In accordance with stipulation of counsel and following Abstract 47474 the clay hanging ducks in question were held dutiable as manufactures in chief value of metal, not plated, at 45 percent under paragraph 397, as claimed. Other similar novelties, but in chief value of fur, were held dutiable at 50 percent under paragraph 1519 (e), as claimed.

**No. 48401.**—Petitions 6141–R, etc., of Borregaard Co., Inc. (Portland, Maine, and New York).

Opinion by OLIVER, P. J. These importations were made during a period when certain test cases were being prepared to determine the value of similar merchandise. The final decision, largely in favor of the importer, found the proper basis for assessing duty was the export value. Due to fluctuation during the period of litigation, when some of the entries were liquidated the result indicated a higher value than that actually claimed by the appraiser, which resulted in a slight penalty, as in this case. At the trial the sales manager for the petitioner testified to these facts. On the record presented the court was thoroughly satisfied that there was no intention to defraud the revenue or to conceal or misrepresent the facts. The petitions were therefore granted.

BEFORE THE SECOND DIVISION, JUNE 18, 1943

**No. 48402.**—Protest 867013–G of Walker Goulard Plehn Co., Inc. (New York).

Opinion by KINCHELOE, J. At the trial the witness for the plaintiff testified that the merchandise in question had the thickness of exactly twelve one-thousandths of an inch and that it is used as a reinforcement on a handle for merchandising envelopes. However, on cross-examination he admitted that he only saw the merchandise thus used subsequent to the importation in question. He further testified that prior to June 17, 1930, he saw it used for container board and explained that by "container board" is meant "Sulphate container board used for corrugated boxes, suit boxes and things like that." No claim, however, has been made that it is container board, but it was not shown whether the merchandise in question comes within the provision in paragraph 1413 for "test or container boards" as specified therein. The witness also testified that the merchandise is not flexible enough to be suitable for wrapping paper. On the record presented the court was unable to determine the proper classification of the merchandise. The protest was therefore overruled without affirming the action of the collector.